**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEO SHEPARD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:14-cv-01166-SMS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>(Doc. 29) |

On July 25, 2014, Plaintiff, by and through his attorney, Jacqueline A. Forslund, filed a complaint challenging the denial of his disability insurance benefits and supplemental security income by the Commissioner of Social Security ("Commissioner"). Doc. 1. On December 30, 2015, the Court issued an order remanding the action for calculation of benefits. Doc. 25. Thereafter, the parties stipulated to an award of attorney's fees totaling $6,500 under the Equal Access to Justice Act (EAJA), which the Court approved. Doc. 28.

Before the Court now is Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b), by which Ms. Forslund requests fees for time expended in this case. Doc. 29. The Commissioner responded. Doc. 31. No hearing was held as the Court found the motion suitable for decision without oral argument. Local Rule 230(g).

1

## I. BACKGROUND

Because the parties are sufficiently familiar with the factual and procedural history of this case, the Court will not recount it in detail here, discussing only what is relevant for purposes of this order.

Relevant to the motion here is the contingency agreement between Plaintiff and the Dellert Baird Law Offices, PLLC, through which Ms. Forslund is associated. Plaintiff signed the agreement on July 22, 2014, whereby he authorized Dellert Baird to seek fees from his "past due benefits totaling up to 25% of all past due benefits" under section 406(b) if he is awarded benefits by the Court or the Social Security Administration (SSA) after remand for further proceedings. Doc. 29-1.

In the motion, Ms. Forslund requests a fee of $17, 125.00 for 37.8 hours expended in this case before the Court. She contends the fees requested are reasonable and based on an enforceable contingency fee agreement. She asserts that, at a minimum, Plaintiff received standard representation, no excessive delay resulted, and the fees requested are not a windfall. Ms. Forslund submitted for the Court's review the following:

  (1)   the contingency agreement between Plaintiff and Dellert Baird;

  (2)   the SSA's Notice of Award letter to Plaintiff, dated May 3, 2016, informing him that $24,798.00, a fee no larger than 25% of past due benefits, is withheld for attorney's fees; and

  (3)   an itemized statement of the time she expended on this case before the Court, showing hours totaling 37.8.

Doc. 29-3.

Without taking a formal position, the Commissioner only directs the Court's attention to the "effective hourly rate," which she calculates to be $656.03 per hour using the amount the SSA is withholding for attorney's fees ($24,798.00 ÷ 37.8).

2

## II.     DISCUSSION

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "The statute does not specify how courts should determine whether a requested fee is reasonable. Rather, the statute provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted).

"The Supreme Court in *Gisbrecht* has given the district courts direction in how to evaluate a request for a contingent fee under § 406(b). Courts must 'approach [§ 406(b) ] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.' *Gisbrecht,* 535 U.S. at 808, 122 S.Ct. 1817; *see also Mudd,* 418 F.3d at 428 (recognizing this same methodology). Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149.

Notably, the Supreme Court identified a number of factors to consider in determining whether a reduction of the fee is warranted: (1) the character of the representation, (2) the results achieved, (3) delay by counsel resulting in undue accumulation of benefits, and (4) the benefits are large in comparison to the amount of time counsel spent on the case and would result in a windfall. *Gisbrecht*, 535 U.S. at 808; *see Crawford*, 586 F.3d at 1148 ("A fee resulting from a contingent-fee agreement is unreasonable . . . if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are

large in comparison to the amount of time counsel spent on the case") (internal quotations omitted). And it is counsel who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Under the circumstances, the Court finds no reduction of the fee award is warranted.

First, there is no indication that Ms. Forslund engaged in substandard performance. Second, it is undisputed that Plaintiff received a favorable judgment from the Commissioner following remand of the case. Third, while there was some delay, there is no evidence Ms. Forslund did so to cause accumulation of benefits. Plaintiff sought only one extension, in which the Commissioner stipulated, to file the opening brief. Doc. 18. *See Pennington v. Comm'r of Soc. Sec.*, 2010 WL 3491522, at *3 (D. Or. July 29, 2010) *report and recommendation adopted*, 2010 WL 3491521 (D. Or. Aug. 31, 2010) (The excessive delay doctrine has its roots in earlier cases denying 25% fee requests in social security cases where several years passed between the completion of briefing and the rendering of judgment by the district court.") (internal quotations omitted); *see, e.g., Dunnigan v. Astrue*, 2009 WL 6067058, at *12 (D. Or. Dec. 23, 2009) *report and recommendation adopted*, 2010 WL 1029809 (D. Or. Mar. 17, 2010) ("Dunnigan's attorney filed two unopposed motions for extensions, one of forty-five days to submit his opening brief and another of fourteen days to file his response to the Commissioner's motion to remand. No evidence in the record suggests that either request was intended, even in part, to delay the proceedings in this case.").[1]

Fourth, it does not appear that the total benefits obtained are large in comparison to the hours Ms. Forslund spent on the case such that a windfall would result. *Contra Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1146 (C.D. Cal. 2011) (concluding that attorney's fee of 25% of $214,164 past-due benefits would result in a windfall because the "size of the past due benefits owes

---

[1] These unpublished decisions are citable under Rule 32.1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

significantly to the fact that this case . . . took such a long time in the administrative agency" and not the work counsel expended).

Finally, the Commissioner declines to adopt the hourly rate calculated by the Commissioner, because counsel does not request all $24,798.00 of the past due benefits withheld. Rather, with the requested amount of $17,125 for 37.8 hours, this breaks down to approximately $453.04 per hour. Compared to what courts have awarded, this hourly rate is not excessive. *See Shubin v. Colvin*, 2015 WL 233243, at *2 fn 2 (C.D. Cal. Jan. 15, 2015) (No. SACV 13-0146-DTB) (collecting cases wherein the court awarded counsel attorney's fees which ranged from $187.55 to $1,433.12 per hour). And while the Notice of Award letter does not indicate the total past due benefit, that number can be no greater than $99,192.00 ($24,798.00 x 4). Of that, Ms. Forslund requests only 17.26% ($17,125.00 ÷ $99,192.00), well below the 25% statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A); *see also Ibrahim v. Colvin*, 2015 WL 4507523, at *2 (E.D. Cal. July 24, 2015) (No. 1:13-CV-00065- JLT) (granting Ms. Forslund $17,875.90 in attorney's fees for 43.6 hours expended).

In sum, the Court finds the fees sought reasonable for the services provided. The Court will therefore allow, as part of the judgment, a reasonable fee—not in excess of 25 percent of the total of the past-due benefits—for Ms. Forslund's representation. *Id*. The Court will, however, order that she forward to Plaintiff the $6,500 she received earlier from the Government under EAJA. *See Grisbrecht*, 535 U.S. at 796 (2002) ("Fee awards may be made under [EAJA and section 406(b), but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotations omitted); *see also Astrue v. Ratliff*, 560 U.S. 586, 587 (2010).

### III.   CONCLUSION

Accordingly:

1. Section 406(b) fees are allowed in the gross amount of $17,125.00, to be paid out of the sums withheld by the Commissioner from Plaintiff's total past-due benefits and

2. Counsel is directed to return to Plaintiff the $6,500 EAJA award she received from the Government.

IT IS SO ORDERED.

Dated:   **June 29, 2016**              **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE